U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 4 2019

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RAUL MIRABAL, §
　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　§
v. § No. 4:18-CV-608-A
　　　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Raul Mirabal, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

In 2013 petitioner was charged in Tarrant County, Texas, Case Nos. 1310196D, 1309930D, 1309990D, and 1310195D, with aggravated sexual assault by threats, aggravated assault with a deadly weapon, unlawful restraint with risk of serious bodily injury, and three instances of violation of a protective order.

(Pet. 1, doc. 8-1.[1]) Following a jury trial, the jury found petitioner guilty of the offenses and the trial court assessed punishment. (Mem. Op. 11-12, doc. 11-3.)

Petitioner's convictions were affirmed on appeal, however appellate counsel did not timely notify petitioner of the appellate court's ruling and his right to file a *pro se* petition for discretionary review (PDR). (Mem. Op. 30, doc. 11-3.) Upon learning of the court's ruling, petitioner filed four state habeas-corpus applications, one for each case, claiming, among other things, that his appellate counsel rendered ineffective assistance by failing to provide timely notice of the ruling. The applications were granted by the Texas Court of Criminal Appeals to the extent petitioner was given permission to file an out-of-time petition for discretionary review. (Op. 2-3, doc. 12-13.) The remainder of the claims were dismissed. (Id.)

Petitioner filed a PDR in the Texas Court of Criminal Appeals and a motion requesting additional relief, including a request that he be allowed to file a new appeal and/or out-of-time motions for rehearing and for rehearing en banc in the appellate court. (PDR, doc. 11-29; Mot., doc. 12-7.) The motion for additional relief was denied and petitioner's PDR was refused by the Texas Court of Criminal Appeals. (Mot. Disposed, doc. 12-

---

[1]Additional pages have been inserted into the form petition, therefore the pagination in the ECF header is used.

7; Docket Sheet 2, doc. 11-2.) Petitioner filed a motion for reconsideration of the court's ruling on his motion for additional relief requesting to be placed in the position that he would have been in had his appellate counsel provided timely notice by permitting him to file out-of-time motions for rehearing and rehearing en banc in the appellate court. (Mot., doc. 12-10.) The Texas Court of Criminal Appeals denied the motion. (Mot. Disposed, doc. 12-8.) This federal habeas petition followed.

## II. Issues

Petitioner raises the following issues:

(1) does appellate counsel's admission that he missed a 30-day deadline to file a petition for review warrant an inference that he also missed the inherent 15-day deadline to file motions for rehearing in the state court of appeals;

(2) does appellate counsel's admission that he missed a 30-day deadline to file a petition for review warrant an inference that he also missed the 30-day deadline to file a motion for extension of time to file motions for rehearing in the state court of appeals;

(3) does the state court's failure to place petitioner in the same place he would have been in had appellate counsel been effective deprive him of federal due process;

(4) does the state court's failure to follow its own law by failing to place petitioner in the same place he would have been in had appellate counsel been effective deprive him of federal due process;

(5) is the Texas Court of Criminal Appeals's determination of the facts an unreasonable application of well-established federal law; and

3

(6) is the Texas Court of Criminal Appeals's determination of the facts an unreasonable determination of the facts.

(Pet. 5-14, doc. 8-1.)

Respondent has filed a responsive pleading asserting that the petition should be dismissed based on petitioner's failure to exhaust his state-court remedies. (Resp't's Preliminary Answer Resp. 5-8, doc. 13.) Petitioner did not file a reply brief.

### III. Exhaustion

Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). However, a habeas petition may be denied on the merits, notwithstanding the failure of the petitioner to exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b)(2).

### IV. Discussion

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record

before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011).

To be entitled to federal habeas relief, a state prisoner must demonstrate that he is in custody in violation of a federal constitutional right. 28 U.S.C. § 2254(a). Petitioner has not made such a showing. The United States Supreme Court has not recognized a federal constitutional right to the opportunity to file a motion for rehearing by a state criminal defendant.

Nor does a criminal defendant have a constitutional right to counsel on matters related to filing a motion for rehearing following disposition of his case on direct appeal. *See Jackson v. Johnson,* 217 F.3d 360, 365 (5th Cir. 2000). When a state grants a criminal defendant an appeal of right, the Constitution requires only that the defendant's claims be "once . . . presented by a lawyer and passed upon by an appellate court." *See id.* at 364-65 2000) (quoting *Ross v. Moffitt,* 417 U.S. 600, 614 (1974)). "Not only does a motion for rehearing come after the appellate court has passed on the claims; there can be no question that the granting of a motion for rehearing lies entirely within the discretion of a court of appeals." *Id.* at 364. "Rehearing at that point is by no means an appeal of right." *Id.* at 365. Because a motion for rehearing is not an appeal as of right, appellate counsel's assistance on such motion could not have deprived petitioner of any constitutional right. *See Stinnett v. United States,* No. 4:06-CV-

5

772-A, 2007 WL 2375765, at *3 (N.D.Tex. Aug. 16, 2007).

Finally, errors of state law or procedure are not cognizable in federal habeas proceedings unless they also result in a violation of a federal constitutional right. *See Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988). Because petitioner has no constitutional right to an opportunity to file a motion for rehearing, he is not entitled to due process in connection with the procedure. Thus, his claims that the state court failed to follow its own law by placing him in the same position he would have been in had appellate counsel been effective do not implicate due process concerns. Consequently, the claims are not cognizable on federal habeas review.

Petitioner has failed to establish that the Texas Court of Criminal Appeal's rulings are contrary to or involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that the rulings are based on an unreasonable determination of the facts in light of the record before the state court.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May 14, 2019.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE